Martin J. Foley
Martin J. Foley, a PLC
601 S. Figueroa Street, Suite 2050
Los Angeles, California 90017
(213) 248-0577
martin@mjfoleylaw.com

Edward H. Rice (*pro hac vice* forthcoming)
Marina N. Saito(*pro hac vice* forthcoming)
Law Office of Edward H. Rice, LLC
555 Skokie Blvd., Suite 500
Northbrook, Illinois 60062
ed@edwardricelaw.com
marina@edwardricelaw.com
(312) 953-4566

*Counsel for Plaintiff,*
*Dongguan Qunan Technology Co., Ltd.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| Dongguan Qunan Technology Co., Ltd.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UC Global Trade Inc.,<br><br>　　　　Defendant. | Case No.: 5:25-cv-607<br><br>**DECLARATORY JUDGMENT COMPLAINT** |

Plaintiff Dongguan Qunan Technology Co., Ltd. ("Qunan") for its Complaint against Defendant UC Global Trade Inc. ("UC Global") alleges:

**NATURE OF THE ACTION**

1.　This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and the Patent Laws of the United States, 35 U.S.C. § 1 et seq. for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 12,023,295 ("the '295 Patent"—attached as Exhibit 1).

2. Qunan, which manufactures and sells certain vibrator products, brings this action in view of the actual controversy that UC Global has created under the '295 Patent by asserting a patent infringement claim against JuDe Tech, a retailer who sells Qunan's vibrator products on Amazon.com.

3. Upon information and belief, UC Global owns the '295 Patent.

4. UC Global's actions to enforce the '295 Patent against Qunan's vibrator products give rise to a justiciable controversy between Qunan on the one hand and UC Global on the other.

## PARTIES

5. Qunan is a Chinese company, with a principal place of business in Dongguan City, Guangdong Province, China.

6. Qunan manufactures certain vibrators that it sells to various retailers, including JuDe Tech.

7. Upon information and belief, UC Global is a corporation organized under California law with its principal place of business at 14225 Telephone Avenue, Suite D, Chino, CA 91710.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over the patent claims in this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq.

9. The Court has personal jurisdiction over UC Global because, upon information and belief, UC Global resides in California and in this judicial district.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) because UC Global resides in this district as residency is defined in 28 U.S.C. § 1391(c)(2).

# BACKGROUND

## UC Global's Amazon Infringement Claim

11.     Upon information and belief, on or around November 10, 2024, UC Global filed a patent infringement claim under Amazon.com's intellectual property infringement reporting procedures contending that certain Qunan vibrator products sold on Amazon.com by JuDe Tech ("Accused Vibrators") infringe the '295 Patent ("Amazon Claim").

12.     On November 10, 2024, JuDe Tech received notice from Amazon.com that UC Global was asserting an infringement claim under the '295 Patent against the Accused Vibrator that JuDe Tech was selling under Amazon Standard Identification Number ("ASIN") B0BYDDP4HJ.

13.     Amazon assigned this infringement claim a Complaint ID 16627769171.

14.     Amazon's notice to JuDe Tech stated that if JuDe Tech does not resolve this dispute with UC Global, Amazon might remove JuDe Tech's listings for the accused ASIN, and JuDe Tech "may no longer be able to sell on Amazon."

15.     Amazon.com is the primary sales channel through which JuDe Tech sells Qunan's vibrator products.

16.     Amazon.com also is the primary retail outlet through which other Qunan customers sell Qunan's vibrator products.

## The '295 Patent

17.     On July 2, 2024, the U.S. Patent and Trademark Office ("USPTO") issued the '295 Patent, entitled "Contact-Type Massage Tapping Device and Massager."

18.     According to USPTO records, the named inventor, Junjun Chen, assigned the application for the '295 Patent to Shenzhen Jiaxintong Network Tech Co., Ltd. ("Jiaxintong").

19. Upon information and belief, Junjun Chen is employed by or is otherwise affiliated with Jiaxintong.

20. According to USPTO records, Jiaxintong assigned that application to Sunrise Globle Chain, Inc., which later assigned the '295 Patent to UC Global.

21. Upon information and belief, UC Global is the current owner of the '295 Patent.

22. The '295 Patent claims a "priority date" of November 10, 2022, based on an earlier Chinese patent (CN202211404960.5) from which it allegedly originated.

23. The '295 Patent includes a single independent claim: claim 1.

24. Claim 1 includes, among other things, a limitation requiring a main body of the contact-type massage tapping device being disposed inside a cavity.

25. None of Qunan's vibrator products practice any claims of the '295 Patent because, at a minimum, they do not practice a main body of the contact-type massage tapping device being disposed inside a cavity, as that limitation is properly construed.

**UC Global Did Not Invent the Patented Invention**

26. Infringement issues aside, the '295 Patent is invalid for at least two primary reasons.

27. First, the idea for the patented vibrator was appropriated from Qunan.

28. Second, the Accused Vibrator was on sale and available to the public before the "priority application" for the '295 Patent application was filed.

29. The Accused Vibrator, therefore, constitutes "prior art" to the '295 Patent.

30. To the extent that the Accused Vibrator "infringes" by practicing any claims of the '295 Patent, the Accused Vibrator necessarily would invalidate those

claims by establishing that those claims are "anticipated" by prior art; i.e., they fail the "novelty" test for patentability.

**The Prior Owner of the '295 Patent Misappropriated Qunan's Idea**

31. Qunan engaged a third-party design company to make a three-dimensional computer model and a computer-aided design ("CAD") file of its design for a vibrator product.

32. The design company completed the modeling on or about May 24, 2022.

33. In June 2022, Qunan applied for (and ultimately obtained) a Chinese patent on its design (CN202230385250.7).

34. Qunan later applied for, and obtained, a U.S. patent for this design (U.S. Patent No. D1,000,628S).

35. The Accused Vibrator embodies the design claimed in Qunan's Chinese and U.S. design patents.

36. Qunan began offering the Accused Vibrator for sale around late July 2022.

37. On August 24, 2022, Qunan began selling the Accused Vibrator to the public through an online retail platform in China called Tmall.

38. On September 14, 2022, Qunan began selling the Accused Vibrator on a second Chinese online retail platform called JD.com.

39. On September 19, 2022, Qunan provided samples of the Accused Vibrator to a distribution company called Qianmei, which was acting as an intermediary to distribute Qunan's Accused Vibrator to retailers.

40. In September or October 2022, Mr. He, an employee at Qianmei, provided a sample to a Jiaxintong employee named Ling Lei.

41. On October 12, 2022, a third-party distributor Shenzhen Zhonghongtian Technology Co., Ltd. ("Zhonghongtian") began selling the Accused Vibrator on AliExpress.

42. The webpage that Zhonghongtian created on October 12, 2022, for the Accused Vibrator (https://www.aliexpress.com/item/1005004839848683.html) illustrates additional details regarding the operation of the Accused Vibrator.

43. In November 2022, after obtaining a sample of the Accused Vibrator from its employee, Jiaxintong applied for the Chinese patent on a vibrator. Jiaxintong later applied for the '295 Patent, which claims priority to this Chinese patent application.

44. Jiaxintong incorporated technology from the Accused Vibrator into the '295 Patent application, wrongfully claiming that technology as its own.

45. Jiaxintong and Junjun Chen falsely represented to the U.S. Patent and Trademark Office that Junjun Chen was the sole inventor of the vibrator claimed in the '295 Patent when in fact some or all of the innovations in that patent were Qunan's ideas, taken from the Accused Vibrator sample and the AliExpress webpage for the Accused Vibrator.

46. UC Global, which ultimately acquired the '295 Patent, later asserted the Amazon Claim accusing Qunan's customer of infringing a patent that UC Global's predecessor had obtained by misappropriating Qunan's idea and falsely claiming it as its own.

## COUNT I
### (DECLARATORY JUDGMENT OF INVALIDITY)

47. The allegations in each paragraph above are incorporated by reference.

48. An actual, justiciable, and continuing controversy exists between Qunan and UC Global concerning whether the '295 Patent is valid.

49. If the '295 Patent claims are construed to read onto the Accused Vibrator, those claims would be invalid under on the sale bar of 35 U.S.C. § 102 because the Accused Vibrator is prior art that predates the priority filing date for the '295 Patent.

50. If the '295 Patent claims are construed to read onto the Accused Vibrator, those claims also would be invalid under 35 U.S.C. § 102 and/or § 103 in view of at least one or more of the following references, either alone or in combination with one or more of the following: Qunan's disclosure on https://www.aliexpress.com/item/1005004839848683.html; CN Patent No. 217409236; and/or CN Patent No. 203169555.

51. The '295 Patent claims also are invalid under 35 U.S.C. § 112 for lack of written description, indefiniteness and/or lack of enablement.

52. Qunan therefore seeks a declaration that the '295 Patent claims are invalid.

## COUNT II

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

53. The allegations in each paragraph above are incorporated by reference.

54. An actual, justiciable, and continuing controversy exists between Qunan and UC Global concerning whether Qunan's vibrator products infringe the '295 Patent.

55. Qunan's vibrator products do not infringe any claim of the '295 Patent.

56. Qunan seeks a declaration that Qunan's vibrator products do not infringe any '295 Patent claims.

## COUNT III

### (DECLARATORY JUDGMENT OF IMPROPER INVENTORSHIP)

57. The allegations in each paragraph above are incorporated by reference.

58. An actual, justiciable, and continuing controversy exists between the Qunan and UC Global concerning whether the proper inventors are named in the '295 Patent and whether the patent applicant excluded any inventors with deceptive intent.

59. The '295 Patent fails to name all true inventors on the claimed invention(s).

60. The inventor named on the '295 Patent did not conceive the claimed invention but derived some or all of that invention from the Accused Vibrator sample, which was engineered and designed by others.

61. The applicant for the '295 Patent deceived the USPTO by intentionally excluding the rightful inventors from the '295 Patent application.

62. Qunan seeks a declaration that the '295 Patent fails to name the proper inventor as required under 35 U.S.C. § 115.

63. Qunan seeks a declaration that the inventorship on the '295 Patent is not correctable because the applicant knowingly misrepresented the proper inventors on the application.

64. Qunan seeks a declaration that the '295 Patent is not enforceable because the applicant obtained the '295 Patent by making fraudulent representations to the USPTO.

## COUNT IV

**(DECLARATORY JUDGMENT OF INEQUITABLE CONDUCT)**

65. The allegations in each paragraph above are incorporated by reference.

66. But for the '295 Patent applicant's inventorship misrepresentation, the USPTO would not have issued the '295 Patent.

67. The '295 Patent applicant's inventorship misrepresentation to the USPTO constitutes a material omission.

68. The '295 Patent applicant and the inventor omitted the proper inventors on the '295 Patent application with an intent to deceive the USPTO and obtain a patent that it did not deserve.

69. Qunan seeks a declaration that the '295 Patent applicant's actions constitute inequitable conduct.

70. Qunan seeks a declaration that the '295 Patent is unenforceable due to the applicant's inequitable conduct.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Qunan ask this Court to:

a. Find that none of Qunan's vibrator products infringe the '295 Patent;

b. Find that the '295 Patent claims are invalid;

c. Find that the applicant for the '295 Patent omitted the names of the proper inventors with the intention of deceiving the USPTO;

d. Find that the inventorship on the '295 Patent is not correctable and is unenforceable due to the applicant's fraudulent actions and inequitable conduct before the USPTO;

e. Find that this case is an "exceptional case" under 35 U.S.C. § 285 and that Qunan is entitled to its attorney fees; and

f. Award Qunan other and further relief as may be proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff Qunan requests a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

Dated: March 7, 2025

By: /s/ Martin J. Foley
    Martin J. Foley